IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SPRINT NEXTEL CORPORATION, SPRINT COMMUNICATIONS COMPANY L.P., SPRINT SPECTRUM, L.P., SPRINT SOLUTIONS, INC.,<br><br>        Defendants. | Case No. 6:12-cv-791<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Evolutionary Intelligence, LLC states its Complaint against Defendants Sprint Nextel Corporation, Sprint Communications Company L.P., Sprint Spectrum L.P., and Sprint Solutions, Inc., and alleges as follows:

### THE PARTIES

1. Plaintiff Evolutionary Intelligence, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

2. Upon information and belief, Defendant Sprint Nextel Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6200 Sprint Pkwy, Overland Park, KS 66251.

3. Upon information and belief, Defendant Sprint Communications L.P. is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6200 Sprint Pkwy, Overland Park, KS 66251.

4. Upon information and belief, Defendant Sprint Spectrum, L.P. is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Pkwy, Overland Park, KS 66251.

5. Upon information and belief, Defendant Sprint Solutions Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Pkwy, Overland Park, KS 66251.

6. For purposes of this complaint, Sprint Nextel Corporation, Sprint Communications Company L.P., Sprint Spectrum L.P., and Sprint Solutions Inc. are collectively referred to as "Sprint" or "Defendants."

## JURISDICTION AND VENUE

7. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

8. This action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction exists generally over Defendants because Defendants have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over the Defendants because they, directly or through subsidiaries or intermediaries, make, use, offer for sale, sell, import, advertise, make available and/or market one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patent-in-suit, as described more particularly below.

10. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Defendants have committed acts of infringement in the Eastern District of Texas and have transacted business in the Eastern District of Texas.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,010,536

11. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

12. Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,010,536, entitled "System and Method for Creating and Manipulating Information Containers with Dynamic Registers," duly and legally issued by the United States Patent and Trademark Office on March 7, 2006 (the "'536 patent"). A true and correct copy of the '536 patent is attached hereto as Exhibit A.

13. Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '536 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendants have infringed and continue to infringe the '536 patent by making, using, offering to sell, selling, and/or importing into the United States the Sprint CDMA and 4G networks, as well as the Sprint Services Framework—a common development framework that Sprint utilizes to enable developers to access core services of the Sprint networks and mobile devices, including location-based services ("LBS") and/or GeoFencing services. By way of example, and without limitation, these services are generally described at http://developer.sprint.com/dynamicContent/sprintservices/overview/2.

14. As a result of Defendants' infringing activities with respect to the '536 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover

damages adequate to compensate it for Defendants' infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendants' infringement of Plaintiff's exclusive rights under the '536 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

15. Plaintiff reserves the right to allege, after discovery, that Defendants' infringement of the '536 patent is willful and deliberate, entitling Plaintiff to increased damages under 35 U.S.C. § 284, and to attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 7,702,682

16. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

17. Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,702,682, entitled "System and Method for Creating and Manipulating Information Containers with Dynamic Registers," duly and legally issued by the United States Patent and Trademark Office on April 20, 2010 (the "'682 patent"). A true and correct copy of the '682 patent is attached hereto as Exhibit B.

18. Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '682 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendants have infringed and continue to infringe the '682 patent by making, using, offering to sell, selling, and/or importing into the United States the Sprint CDMA and 4G networks, as well as the Sprint Services Framework—a common development framework that Sprint utilizes to enable developers to access core services of the

Sprint networks and mobile devices, including location-based services ("LBS") and/or GeoFencing services. By way of example, and without limitation, these services are generally described at http://developer.sprint.com/dynamicContent/sprintservices/overview/2.

19. As a result of Defendants' infringing activities with respect to the '682 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendants' infringement of Plaintiff's exclusive rights under the '682 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

20. Plaintiff reserves the right to allege, after discovery, that Defendants' infringement of the '682 patent is willful and deliberate, entitling Plaintiff to increased damages under 35 U.S.C. § 284, and to attorneys' fees incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Plaintiff requests entry of judgment in its favor against Defendants as follows:

a) For a declaration that each Defendant has infringed one or more claims of the '536 patent and '682 patent;

b) For an award of damages adequate to compensate Plaintiff for Defendants' infringement of the '536 patent and '682 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs, in an amount according to proof;

c) For an entry of a permanent injunction enjoining each Defendant, and its respective officers, agents, employees, and those acting in privity with them, from further

infringement of the '536 patent and '682 patent, or in the alternative, awarding a royalty for post-judgment infringement; and

      d)      For an award to Plaintiff of such other costs and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury.

Dated: October 17, 2012                Respectfully submitted,

                                                  /s/Charles Ainsworth_____
Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Todd Kennedy, Esq.
Anthony J. Patek, Esq.
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com

**ATTORNEYS FOR PLAINTIFF EVOLUTIONARY INTELLIGENCE, LLC**