JEFFREY E. OSTROW (CA Bar No. 213118)
jostrow@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

*Attorneys for Defendant Apple Inc.*

[See signature block for list of additional counsel]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>        Plaintiff-Counterclaim Defendant,<br><br>        v.<br><br>SPRINT NEXTEL CORPORATION, *et al.*,<br><br>        Defendants-Counterclaim Plaintiffs. | **Case No. 4:13-cv-04513-PJH**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF EVOLUTIONARY INTELLIGENCE LLC'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>Date:    April 3, 2019<br>Time:    9:00 a.m.<br>Judge:  Honorable Phyllis J. Hamilton<br>Room:  Courtroom 3, 3rd Floor<br><br>[Filed concurrently herewith: Declaration of Jeffrey E. Ostrow] |
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>        Plaintiff-Counterclaim Defendant,<br><br>        v.<br><br>APPLE INC.,<br><br>        Defendant-Counterclaim Plaintiff. | **Case No. 4:13-cv-04201-PJH**<br><br><br>Related with 4:13-cv-04513-PJH |

EVOLUTIONARY INTELLIGENCE, LLC,

                  Plaintiff-Counterclaim
                  Defendant,

                v.

FACEBOOK, INC.,

                  Defendant-
                  Counterclaim Plaintiff.

**Case No. 4:13-cv-04202-PJH**

Related with 4:13-cv-04513-PJH

---

EVOLUTIONARY INTELLIGENCE, LLC,

                  Plaintiff-Counterclaim
                  Defendant,

                v.

FOURSQUARE LABS, INC.,

                  Defendant-
                  Counterclaim Plaintiff.

**Case No. 4:13-cv-04203-PJH**

Related with 4:13-cv-04513-PJH

---

EVOLUTIONARY INTELLIGENCE, LLC,

                  Plaintiff-Counterclaim
                  Defendant,

                v.

GROUPON, INC.,

                  Defendant-
                  Counterclaim Plaintiff.

**Case No. 4:13-cv-04204-PJH**

Related with 4:13-cv-04513-PJH

---

EVOLUTIONARY INTELLIGENCE, LLC,

                  Plaintiff-Counterclaim
                  Defendant,

                v.

LIVINGSOCIAL, INC.,

                  Defendant-
                  Counterclaim Plaintiff.

**Case No. 4:13-cv-04205-PJH**

Related with 4:13-cv-04513-PJH

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | **Case No. 4:13-cv-04206-PJH** |
| Plaintiff-Counterclaim Defendant, | |
| | Related with 4:13-cv-04513-PJH |
| v. | |
| MILLENNIAL MEDIA, INC., | |
| Defendant-Counterclaim Plaintiff. | |
| EVOLUTIONARY INTELLIGENCE, LLC, | **Case No. 4:13-cv-04207-PJH** |
| Plaintiff-Counterclaim Defendant, | |
| | Related with 4:13-cv-04513-PJH |
| v. | |
| TWITTER, INC., | |
| Defendant-Counterclaim Plaintiff. | |
| EVOLUTIONARY INTELLIGENCE, LLC, | **Case No. 4:13-cv-03587-PJH** |
| Plaintiff-Counterclaim Defendant, | |
| | Related with 4:13-cv-04513-PJH |
| v. | |
| YELP, INC., | |
| Defendant-Counterclaim Plaintiff. | |

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

I.  Plaintiff's Motion Is Groundless At The Outset Because *Berkheimer* And *Aatrix* Did Not Change The Federal Circuit's § 101 Jurisprudence.................................... 2

II.  Even If *Berkheimer* And *Aatrix* Were An Intervening Change In § 101 Jurisprudence, No "Extraordinary Circumstances" Warrant Rule 60(b)(6) Relief........... 6

III.  Plaintiff's Citation To Three "Disputed Issues Of Fact" Ignores The Federal Circuit's Decision That The Claims Of Its Patents—As A Matter Of Law—Lack An Inventive Concept Sufficient To Transform The Abstract Idea Recited Into A Patent-Eligible Invention. ..................................................................................................... 10

    A.  EI's "Disputed Issue of Fact # 1" Is Irrelevant. ......................................... 11

    B.  EI's Expert Report—"Disputed Issue of Fact # 2"—Was Correctly Excluded by Judge Whyte and its Conclusory Statements About the Groundbreaking Nature of the Patents Remain Irrelevant. ........................ 13

    C.  EI's "Disputed Issue of Fact #3" Seeks to Reargue the Federal Circuit's Finding that the Recitation of "Register" and "Gateway" in the Claims Do Not Add an Inventive Concept Sufficient to Transform the Abstract Idea. ............................................................................................................ 14

CONCLUSION .................................................................................................................. 16

Defs.' Opp. to Pl.'s Mot. for Relief From Judgment    Case No. 4:13-cv-04513-PJH and Related Cases

i

# TABLE OF AUTHORITIES

## CASES

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
   882 F.3d 1121 (Fed. Cir. 2018) ................................................................ *passim*

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.*,
   728 F.3d 1336 (Fed. Cir. 2013) ........................................................................ 3

*Adams v. Hedgpeth*,
   No. LACV1103852VBFFFM, 2016 WL 4035607
   (C.D. Cal. June 8, 2016) .................................................................................... 6

*Affinity Labs of Texas, LLC v. Amazon.com Inc.*,
   838 F.3d 1266 (Fed. Cir. 2016) ...................................................................... 12

*Agostini v. Felton*,
   521 U.S. 203 (1997) ...................................................................................... 1, 6

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   134 S. Ct. 2347 (2014). ................................................................................ 9, 10

*American Axle & Manufacturing, Inc. v. Neapco Holdings LLC*,
   309 F. Supp. 3d 218 (D. Del. 2018) .................................................................. 4

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*,
   827 F.3d 1341 (Fed. Cir. 2016) ........................................................ 11, 13, 15

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018) ...................................................................... *passim*

*Berkheimer v. HP Inc.*,
   890 F.3d 1369 (Fed. Cir. 2018) ........................................................................ 3

*Broyhill Furniture Industries, Inc. v. Craftmaster Furniture Corp.*,
   12 F.3d 1080 (Fed. Cir. 1993) ..................................................................... 1, 6

*Cohen v. Trump*,
   No. 313CV02519GPCWVG, 2017 WL 2779260
   (S.D. Cal. June 27, 2017) ................................................................................ 10

*Content Extraction & Transmission LLC v. Wells Fargo Bank Nat'l Assoc.*,
   776 F.3d 1343 (Fed. Cir. 2014) ...................................................................... 15

*DeMarco v. DepoTech Corp.*,
   149 F. Supp. 2d 1212 (S.D. Cal. 2001) .......................................................... 14

*Dominguez v. Cate*,
   No. C 11-6309 RMW PR, 2012 WL 4865647
   (N.D. Cal. Oct. 12, 2012) .................................................................................. 7

*Elec. Power Group, LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016) ...................................................................... 12

*Enfish LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016) ........................................................................... 12

*Evolutionary Intelligence. LLC v. Sprint Nextel Corp.*,
   138 S. Ct. 521 (2017) ............................................................................................7

*Evolutionary Intelligence. LLC v. Sprint Nextel Corp.*,
   677 F. App'x 679 (Fed. Cir. 2017) ............................................................... *passim*

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
   137 F. Supp. 3d 1157 (N.D. Cal. 2015) ................................................... 7, 14, 15

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
   839 F.3d 1089 (Fed. Cir. 2016) .............................................................................3

*Giraldes v. Ramirez-Palmer*,
   No. C 98-2757 (PR), 2014 WL 1365698
   (N.D. Cal. Apr. 7, 2014)........................................................................................7

*Hildebrand v. Steck Mfg. Co.*,
   292 F. App'x 921 (Fed. Cir. 2008) ...................................................................... 10

*Howard v. Contra Costa Cty.*,
   No. 13-CV-03626 NC, 2014 WL 4230000,
   (N.D. Cal. Aug. 26, 2014) .....................................................................................5

*In re Baumann*,
   No. 3:16-cv-0806, 2017 WL 4581954
   (S.D. Cal. May 2, 2017) ........................................................................................8

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
   No. 2:11-cv-03838, 2017 WL 4163990
   (C.D. Cal. May 8, 2017).........................................................................................6

*Intellectual Ventures I LLC v. Capital One Bank (USA)*,
   792 F.3d 1363 (Fed. Cir. 2015) ........................................................................... 12

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
   850 F.3d 1332 (Fed. Cir. 2017) ........................................................................2-3

*Johnson v. CFS II, Inc.*,
   628 F. App'x 505 (9th Cir. 2016) ..........................................................................8

*Kaavo Inc. v. Amazon.com Inc.*,
   323 F. Supp. 3d 630 (D. Del. 2018) ......................................................................4

*Kustom Signals, Inc. v. Applied Concepts, Inc.*,
   247 F. Supp. 2d 1233 (D. Kan. 2003) ...................................................................2

*Lewis v. Lewis*,
   326 F. App'x 420 (9th Cir. 2009) ..........................................................................8

*Local Intelligence, LLC v. HTC America, Inc.*,
   5:17-CV-06437-EJD, 2018 WL 1697127
   (N.D. Cal. Apr. 6, 2018)........................................................................................4

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,
    811 F.3d 1314 (Fed. Cir. 2016) ....................................................................... 3

*Phelps v. Almeida*,
    569 F.3d 1120 (9th Cir. 2009) ................................................................. *passim*

*Progressive Indus., Inc. v. United States*,
    131 Fed. Cl. 66 (2017) ................................................................................ 6-7

*Regan v. Frank*,
    06-cv-00066 JMS/LEK, 2008 WL 508067
    (D. Haw. Feb. 26, 2008) ................................................................................ 8

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006). ......................................................................... 5

*Salazar v. District of Columbia*,
    729 F. Supp. 2d 257 (D.D.C. 2010) ............................................................... 6

*Steward v. Sherman*,
    No. C 15-0667 WHA (PR), 2017 WL 492823
    (N.D. Cal. Feb. 7, 2017) ............................................................................. 5-6

*Symantec Corp. v. Zscaler, Inc.*,
    No. 17-CV-04426-JST, 2018 WL 3537201
    (N.D. Cal. July 23, 2018) ............................................................................... 4

*TecSec, Inc. v. Adobe Sys. Inc.*,
    No. 1:10-CV-115, 2018 WL 3649087
    (E.D. Va. June 4, 2018) ................................................................................. 4

*TNS Media Research LLC v. TIVO Research and Analytics, Inc.*,
    223 F. Supp. 3d 168 (S.D.N.Y. 2016) ............................................................ 6

### STATUTES

35 U.S.C. § 101 .......................................................................................... *passim*

### RULES

Federal Rule of Civil Procedure 12(b)(6) ............................................... 3, 5, 10

Federal Rule of Civil Procedure 60(b)(6) ............................................... *passim*

Federal Rule of Evidence 201 ................................................................ 5

## INTRODUCTION

Plaintiff Evolutionary Intelligence, LLC ("Plaintiff" or "EI") invokes Federal Rule of Civil Procedure 60(b)(6) in an effort to overturn a 2015 judgment by Judge Ronald Whyte, which the Federal Circuit affirmed and the Supreme Court declined to review in 2017. Plaintiff claims that the Federal Circuit's decisions in *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) and *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) constitute an intervening change in law on patent eligible subject matter under 35 U.S.C. § 101. This purported change in law is the sole ground for Plaintiff's argument that "extraordinary circumstances" justify Rule 60(b)(6) relief. Plaintiff's motion fails for at least three primary reasons.

First, *Berkheimer* and *Aatrix* did not change the law. Both decisions make clear they merely reiterate and apply longstanding precedent, namely that § 101 patent eligibility is a question of law that may, in some instances, involve underlying factual issues. *Berkheimer* explicitly declares that it made no change in the law. This District and others have repeatedly declared that *Berkheimer* and *Aatrix* did ***not*** change the law. Thus, Plaintiff's motion fails at the outset because there is no intervening change in law and Plaintiff asserts no other basis for invoking Rule 60(b)(6).

Second, even if *Berkheimer* and *Aatrix* did change the law, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). Plaintiff erroneously relies on *Phelps v. Almeida*, 569 F.3d 1120 (9th Cir. 2009) to establish the "extraordinary circumstances" sufficient to warrant Rule 60(b)(6) relief. Plaintiff fails to establish that Ninth Circuit law governs in this instance. *See Broyhill Furniture Industries, Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1083 (Fed. Cir. 1993) (declining to apply regional circuit law regarding Rule 60(b) where ruling turns on substantive matters unique to patent law). Moreover, *Phelps* generally applies only to the *habeas corpus* context. Nevertheless, Plaintiff has not and cannot demonstrate that the *Phelps* factors support its untimely invocation of Rule 60(b)(6) and the extraordinary relief it seeks.

Defs.' Opp. to Pl.'s Mot. for Relief From Judgment     Case No. 4:13-cv-04513-PJH and Related Cases

1

Third, Plaintiff's three "disputed issues of fact" consist of nothing more than a mix of new and repeated assertions already found wanting by the Federal Circuit. "[A] motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003). Here, the Federal Circuit found that Plaintiff's purported computer improvements were not captured in the ***claims*** of its patents. Because of this, it does not matter what either the specification or Plaintiff's proffered expert testimony said concerning these improvements—they could not lend the claims patent eligibility. Plaintiff's claims do not recite patent-eligible subject matter. Plaintiff's motion should be denied.

## ARGUMENT

Rule 60(b)(6) relief is inappropriate here for at least three reasons. The Federal Circuit's opinions in *Berkheimer* and *Aatrix* do not constitute an intervening change in § 101 jurisprudence—period. That alone is enough for the Court to find that Rule 60(b)(6) relief is inappropriate and the Court may end its analysis there. Plaintiff's other arguments, even if considered, yield the same result. Plaintiff fails to demonstrate that "extraordinary circumstances" exist to warrant Rule 60(b)(6) relief under *Phelps* or any other test. Further, Plaintiff's arguments have all been rejected on appeal and none would alter the Court's previous analysis and subsequent dismissal of the complaint.

## I. Plaintiff's Motion Is Groundless At The Outset Because *Berkheimer* And *Aatrix* Did Not Change The Federal Circuit's § 101 Jurisprudence.

Plaintiff erroneously asserts that "it is beyond dispute" that the Federal Circuit's decisions in *Berkheimer* and *Aatrix* "represent an intervening change in the law of § 101." Mot. at 13:23-15:15. *Berkheimer* and *Aatrix*, both three-judge panel (not *en banc*) decisions, did not change the law of patent eligibility under § 101. Thus, Plaintiff has no basis for seeking Rule 60(b)(6) relief.

The Federal Circuit in *Berkheimer* explained that that it was merely applying its long-standing precedent that "[p]atent eligibility under 35 U.S.C. § 101 is ultimately an issue of law" that "may contain underlying issues of fact." 881 F.3d at 1365 (citing *Intellectual Ventures I LLC*

1   *v. Capital One Fin. Corp.*, 850 F.3d 1332, 1338 (Fed. Cir. 2017) and *Mortg. Grader, Inc. v. First*

2   *Choice Loan Servs. Inc.*, 811 F.3d 1314, 1325 (Fed. Cir. 2016)); *see also Accenture Global Servs.*,

3   *GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341-42 (Fed. Cir. 2013) ("Patent eligibility

4   under § 101 presents an issue of law . . . . This legal conclusion may contain underlying factual

5   issues."). *Berkheimer* further emphasized that nothing in the decision would have changed the

6   outcome of the numerous prior decisions that resolved § 101 questions at the pleadings stage:

7           Whether a claim recites patent eligible subject matter is a question of law which
            may contain disputes over underlying facts. Patent eligibility has in many cases

8           been resolved on motions to dismiss or summary judgment. ***Nothing in this
            decision should be viewed as casting doubt on the propriety of those cases.***

9

10  881 F.3d at 1368 (emphasis added).

11          In *Aatrix*, the Federal Circuit similarly reiterated longstanding § 101 jurisprudence that

12  "[w]hile the ultimate determination of eligibility under § 101 is a question of law, like many legal

13  questions, there can be subsidiary fact questions which must be resolved en route to the ultimate

14  legal determination." 882 F.3d at 1128. Far from altering this jurisprudence, the Federal Circuit

15  confirmed its earlier statements of the law that "plausible factual allegations ***may*** preclude

16  dismissing a case under § 101 where, for example, 'nothing on th[e] record . . . refutes those

17  allegations as a matter of law or justifies dismissal under Rule 12(b)(6).'" *Id.* at 1125 (emphasis

18  added) (quoting *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1097 (Fed. Cir. 2016)).

19          Indeed, the Federal Circuit's opinion denying *en banc* review of *Berkheimer* and *Aatrix*

20  declared that "*Berkheimer* and *Aatrix* stand for the ***unremarkable proposition*** that whether a claim

21  element or combination of elements would have been well-understood, routine, and conventional

22  to a skilled artisan in the relevant field at a particular point in time is a question of fact."

23  *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1370 (Fed. Cir. 2018) (emphasis added) (Moore, J., Dyk,

24  J., O'Malley, J., Taranto, J., and Stoll., J., concurring in denial of reh'g en banc). The standards

25  applicable to § 101 challenges following the decisions in *Berkheimer* and *Aatrix* were no different

26  than those applied before them.

27          The Northern District of California and other districts have already held that *Berkheimer*

28  and *Aatrix* do not constitute an intervening change in § 101 jurisprudence. For example, in

*Symantec Corp. v. Zscaler, Inc.*, Judge Tigar held that *Berkheimer* and *Aatrix* "do not 'fundamentally change' the [§ 101] landscape."  No. 17-CV-04426-JST, 2018 WL 3537201, at *4 (N.D. Cal. July 23, 2018).  In *Kaavo Inc. v. Amazon.com Inc.*, the plaintiff sought reconsideration under Rule 60(b)(6) of a 2016 order dismissing its complaint on § 101 grounds, arguing that "the Federal Circuit's decisions in '*Enfish*, *McRO*, *Bascom*, *Visual Memory*, *Core Wireless* and *Berkheimer*, and *Aatrix*' . . . 'were previously unavailable'" and "[h]ad the Court followed those decisions" it could not have found the asserted claims abstract.  323 F. Supp. 3d 630, 638 (D. Del. 2018)  (emphasis added).  The district court rejected plaintiff's motion, holding that "*[n]one of the Federal Circuit cases cited by Plaintiff constitutes a change in the law pertaining to § 101*."  323 F. Supp. 3d at 638 (emphasis added).  Additionally, in *TecSec, Inc. v. Adobe Sys. Inc.*, the Eastern District of Virginia held that *Berkheimer* and *Aatrix* "are not contrary decisions of law and do not . . . counsel in favor of reconsideration."  No. 1:10-CV-115, 2018 WL 3649087, at *1 (E.D. Va. June 4, 2018).

Unsurprisingly, Plaintiff makes no mention of *Symantec*, *Kaavo*, or *TecSec*.  Instead, Plaintiff cites to *Local Intelligence, LLC v. HTC America, Inc.*, No. 5:17-CV-06437-EJD, 2018 WL 1697127 (N.D. Cal. Apr. 6, 2018) and *American Axle & Manufacturing, Inc. v. Neapco Holdings LLC*, 309 F. Supp. 3d 218 (D. Del. 2018) to assert that "[d]istrict courts . . . have since recognized the changes wrought by *Berkheimer/Aatrix*."  Mot. at 15:10-13.  Neither case supports that proposition.  *Local Intelligence* simply provides that "the Federal Circuit recently held, '[w]hether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination" and that it was "improper to decide at the pleadings or summary judgment stage that claims lack an inventive concept where factual disputes remain as to whether particular elements are 'well-understood, routine, [and/or] conventional.'"  2018 WL 1697127, at *6 (quoting *Berkheimer*, 881 F.3d at 1369 and *Aatrix*, 882 F.3d at 1129).  However, as explained above, these holdings from *Berkheimer* and *Aatrix* are simply reiterations of longstanding § 101 precedent, and *Local Intelligence* nowhere suggests that *Berkheimer* or *Aatrix* changed the law.  Nor does *American Axle*.  309 F. Supp. 3d at 227 n.2  ("[T]he patent eligibility

1    inquiry, which is a question of law, may involve issues of fact.  *See Berkheimer*, 881 F.3d at 1368.

2    But here the record reveals no genuine disputes of material fact.").

3         Plaintiff also cites to a few patent practitioner blog posts and academic articles, and a

4    USPTO guidance memo.  *See* Mot. at 13:19-15:16.  Plaintiff requests that "the Court take judicial

5    notice" of these non-judicial sources "as matters of public record demonstrating the impact of

6    *Berkheimer/Aatrix*."  *Id.* at 13 n.10.[1]  Selective citation to non-judicial opinions cannot overcome

7    the authoritative declarations of numerous Article III judges, including those that issued the

8    *Berkheimer/Aatrix* decisions.  Neither *Berkheimer* nor *Aatrix* altered Federal Circuit precedent

9    concerning the standards applicable to motions to dismiss under Rule 12 with respect to

10   challenges based upon § 101.  While Plaintiff may disagree with the application of those

11   principles in this case by Judge Whyte and the Federal Circuit, Plaintiff has not identified a basis

12   to collaterally challenge the dismissal of its Complaint under Rule 60(b)(6).

13        Accordingly, Plaintiff's Rule 60(b)(6) motion is groundless at the outset.  The Court can

14   and should deny the motion on this basis alone without considering whether Plaintiff establishes

15   "extraordinary circumstances" under the *Phelps* factors—which it does not.  *See, e.g.*, *Steward v.*

16   *Sherman*, No. C 15-0667 WHA (PR), 2017 WL 492823, at *2 (N.D. Cal. Feb. 7, 2017) (denying

17   Rule 60(b)(6) relief without addressing the *Phelps* factors where there was "no intervening change

18

19

20

21   _____

22   [1] Under Federal Rule of Evidence 201, a "court may judicially notice a fact that is *not subject to*
     *reasonable dispute* because it: (1) is *generally known* within the trial court's territorial

23   jurisdiction; or (2) *can be accurately and readily determined* from sources whose accuracy cannot
     reasonably be questioned." Fed. R. Evid. 201 (emphasis added).  Plaintiff's request for judicial

24   notice is plainly outside the scope of Federal Rule of Evidence 201.  Even if judicial notice of
     these sources was appropriate, the judicial notice would be limited to the fact of a source's

25   publication, not to the truth of any matters asserted in the source.  *Howard v. Contra Costa Cty.*,
     No. 13-CV-03626 NC, 2014 WL 4230000, at *3 n.1 (N.D. Cal. Aug. 26, 2014) ("The Court takes

26   judicial notice under Federal Rule of Evidence 201(b) of the fact of the publications but not of the
     truth of any matters asserted in them.").  Plaintiff cites to *Reyn's Pasta Bella, LLC v. Visa USA*,

27   *Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006), *see* Mot. at 13 n.10, for its request for judicial notice.
     However, that case is inapposite because it involved a request for judicial notice of court-filed
     briefs and transcripts, not a request for judicial notice of opinion-piece articles and blog posts.

28

in the controlling law"); *see also Salazar v. District of Columbia*, 729 F. Supp. 2d 257, 268

(D.D.C. 2010) (denying Rule 60(b) relief where there was "no significant change in the law").[2]

## II.  Even If *Berkheimer* And *Aatrix* Were An Intervening Change In § 101 Jurisprudence, No "Extraordinary Circumstances" Warrant Rule 60(b)(6) Relief.

Even assuming *Berkheimer* and *Aatrix* changed the law—and they did not—Plaintiff fails

to demonstrate extraordinary circumstances justifying relief from this Court's 2015 dismissal of

Plaintiff's complaint.

First, "[i]ntervening developments in the law by themselves rarely constitute the

extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini*, 521 U.S. at 239.

Plaintiff seeks to rely upon the Ninth Circuit's decision in *Phelps*, but it has not established that

the *Phelps* factors govern patent invalidity, or any determination outside of the *habeas corpus*

context. *See Broyhill Furniture*, 12 F. 3d at 1083 (Federal Circuit declined to apply regional

circuit Rule 60(b) law where the inquiry turned on a substantive issue of patent law); *see also*

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 2:11-cv-03838, 2017 WL 4163990, at *2 (C.D. Cal.

May 8, 2017) (*Phelps* "did not suggest that such reconsideration is appropriate in other types of

civil cases . . . ."); *Adams v. Hedgpeth*, No. LACV1103852VBFFFM, 2016 WL 4035607, at *5

n.1 (C.D. Cal. June 8, 2016) ("courts examining the merits of a Rule 60(b)(6) motion ***in the***

***habeas context*** must engage in the multi-factor analysis set forth by *Phelps*") (emphasis added).

Nevertheless, even the *Phelps* factors make abundantly clear that the Court should deny Plaintiff's

request for Rule 60(b)(6) relief.[3]

---

[2] Plaintiff cites to *TNS Media Research LLC v. TIVO Research and Analytics, Inc.*, 223 F. Supp. 3d 168, 170-82 (S.D.N.Y. 2016) for the proposition that "[w]hile rare, vacatur under Rule 60(b) has been granted in at least one § 101 case due to intervening developments in § 101 jurisprudence." Mot. at 3 n.2. *TNS* did not conclude that either *Berkheimer* or *Aatrix* changed the law under Section 101 and is therefore is inapposite. In that case, the Federal Circuit explicitly concluded that subsequent Federal Circuit decisions had changed application of the *Alice* test. Here, the Federal Circuit has confirmed in both its *Berkheimer* and *Aatrix* decisions that it did not alter the existing standard under *Alice* applied to the circumstances of this case.

[3] Indeed, regardless of whether Ninth Circuit or Federal Circuit law governs the analysis here, the outcome is the same. IXI must demonstrate that "extraordinary circumstances" warrant Rule 60(b) relief. *Progressive Indus., Inc. v. United States*, 131 Fed. Cl. 66, 72 (2017) ("[I]n order to justify relief under Rule 60(b)(6), the moving party must demonstrate extraordinary

---

1    For example, Plaintiff has failed to satisfy the second and fourth *Phelps* factors: *i.e.*

2  whether the movant was diligent in seeking the relief sought by the Rule 60(b)(6) motion, and the

3  extent of "delay between the finality of the judgment and the motion for Rule 60(b)(6) relief."

4  *Phelps*, 569 F.3d at 1136, 1138 ("[A] change in the law should not indefinitely render preexisting

5  judgments subject to potential challenge.  Rather, individuals seeking to have a new legal rule

6  applied to their otherwise final case should petition the court for reconsideration with a degree of

7  promptness."); *see also Dominguez v. Cat*e, No. C 11-6309 RMW PR, 2012 WL 4865647, at *2

8  (N.D. Cal. Oct. 12, 2012) (denying Rule 60(b)(6) relief where the movant "waited over four

9  months after dismissal of th[e] action to move for reconsideration").  Here, Plaintiff delayed more

10  than ten months following the Federal Circuit's decisions in *Berkheimer* and *Aatrix* before seeking

11  to vacate the judgment entered by this Court more than three years ago.

12    Specifically, on October 6, 2015, this Court entered judgment that the asserted claims were

13  invalid for failing to satisfy the requirements of § 101.  *Evolutionary Intelligence, LLC v. Sprint*

14  *Nextel Corp.*, 137 F. Supp. 3d 1157, 1160 (N.D. Cal. 2015).  On February 17, 2017, the Federal

15  Circuit affirmed that judgment.  *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 677 F.

16  App'x 679, 681 (Fed. Cir. 2017).  The Federal Circuit's mandate issued May 31, 2017.  The

17  Supreme Court denied certiorari on December 4, 2017.  *Evolutionary Intelligence, LLC v. Sprint*

18  *Nextel Corp.*, 138 S. Ct. 521, 522 (2017).  The Federal Circuit decided *Berkheimer* and *Aatrix*

19  three months later, on February 8, 2018 and February 14, 2018, respectively.  Plaintiff delayed

20  over 10 months thereafter—until December 29, 2018—to file its motion for relief from this

21  Court's October 6, 2015 judgment.  *See* Mot. at 1:9-11.

22    Indeed, Plaintiff concedes that it could have challenged this Court's judgment as early as

23  "February 8, 2018 (the date of the panel decision in *Berkheimer*)."  Mot. at 17:27-18:1.  Plaintiff

24

25  circumstances.").  While the *Phelps* factors aid the Ninth Circuit's analysis of Rule 60(b)(6)
     motions brought in the habeas context, whether "extraordinary circumstances" exist generally

26  involves a case-by-case analysis.  *Giraldes v. Ramirez-Palmer*, No. C 98-2757 (PR), 2014 WL
     1365698, at *6 (N.D. Cal. Apr. 7, 2014) ("The movant must show 'extraordinary circumstances'

27  justifying the reopening of a final judgment.  A change in the law may support relief under Rule
     60(b)(6) in a habeas action, and whether it does is decided on a case-by-case basis.")

28

1    offers no explanation for its almost eleven month delay in filing its Rule 60(b)(6) motion.  *Id.*

2    Plaintiff's lack of diligence alone is sufficient justification to deny its motion.  *See, e.g.*, *Johnson*

3    *v. CFS II, Inc.*, 628 F. App'x 505 (9th Cir. 2016) (affirming denial of Rule 60(b)(6) relief because

4    movant waited five months before filing the motion "[w]ithout offering any explanation for its

5    delay"); *Regan v. Frank*, No. 06-cv-00066 JMS/LEK, 2008 WL 508067, at *4 (D. Haw. Feb. 26,

6    2008) (denying Rule 60(b)(6) relief due to four-month delay in filing motion when movant

7    "provided no reasonable justification for his continued delay"); *In re Baumann*, No. 3:16-cv-0806,

8    2017 WL 4581954, at *2 (S.D. Cal. May 2, 2017) (eight-month delay enough to deny Rule

9    60(b)(6) relief); *Lewis v. Lewis*, 326 F. App'x 420 (9th Cir. 2009) (denying Rule 60(b)(6) relief

10   due to six-month delay in filing motion where movant "offered no explanation for that delay").

11          Moreover, granting Plaintiff's Rule 60(b)(6) motion would contravene *Phelps*' third factor

12   by "undo[ing] the past, executed effects of the judgment" and disturbing "the parties' reliance

13   interest in the finality of the case."  *See Phelps*, 569 F.3d at 1137.  This case commenced nearly

14   seven years ago, when in 2012 Plaintiff first sued the nine defendants that are now related here.

15   Extensive proceedings before both this Court and the Patent Trial and Appeal Board ensued prior

16   to this Court's October 6, 2015 judgment in favor of the Defendants.  The dismissal was then

17   litigated through an appeal to the Federal Circuit, a request for rehearing and rehearing *en banc* at

18   the Federal Circuit, and a petition for writ of certiorari at the Supreme Court—all resulting in

19   rulings in Defendants' favor.  Defendants have moved on to other matters since the Court's

20   judgment, and reopening this case now would impose undue burden and costs.

21          Lastly and perhaps most importantly, Plaintiff cannot establish a sufficient "degree of

22   connection" between the grounds upon which the judgment was affirmed by the Federal Circuit

23   and any purported change in the law.  *Phelps*, 569 F.3d at 1135 (articulating fifth factor).  Plaintiff

24   has not established that the Federal Circuit's affirmance of the 2015 judgment rested on its refusal

25   to consider Plaintiff's purported factual disputes and to draw inferences therefrom in Plaintiff's

26   favor.  The Federal Circuit reviewed that judgment *de novo*.  The Federal Circuit found that the

27   high level of abstraction of the asserted patent claims simply failed to capture the Plaintiff's

28

purported inventive concepts.  *See Evolutionary Intelligence*, 677 F. App'x at 680 ("EI conceded that 'containers,' 'registers,' and 'gateways' are 'conventional and routine' structures.  Whether analyzed individually or as an ordered combination, ***the claims recite those conventional elements at too high a level of generality to constitute an inventive concept***.") (emphasis added).  Plaintiff's purported disputed facts were irrelevant.

In *Berkheimer*, as here, the Federal Circuit approved a judgment of patent ineligibility as a matter of law.  Like Plaintiff here, the patent owner in *Berkheimer* had argued that the patent specification set forth improvements in computer functioning, and these "facts" precluded summary judgment of invalidity under Section 101.  The Federal Circuit rejected these arguments, finding that the purported improvements were not, in fact, embodied in certain of the claims:

> Mr. Berkheimer argues that claim 1 recites an improvement to computer functionality and digital asset management systems.  Mr. Berkheimer, however, admitted that parsers and the functions they perform existed for years before his patent. These conventional limitations of claim 1, combined with limitations of analyzing and comparing data and reconciling differences between the data, "fail to transform th[e] abstract idea into a patent-eligible invention."  *Alice*, 134 S. Ct. at 2357.  The limitations amount to no more than performing the abstract idea of parsing and comparing data with conventional computer components. ***Because claims 1-3 and 9 do not capture the purportedly inventive concepts, we hold that claims 1-3 and 9 are ineligible.***

881 F.3d at 1370 (emphasis added).

Thus, even if there were a change in the law, and even if the *Phelps* factors applied here, neither of which are correct, Plaintiff has failed to demonstrate extraordinary circumstances meriting relief from judgment.[4]

---

[4] The sixth *Phelps* factor is not implicated here.  That factor considers whether there are any concerns regarding the impact of the case on "comity" between state and federal judiciaries.  569 F.3d at 1137.

**III.    Plaintiff's Citation To Three "Disputed Issues Of Fact" Ignores The Federal Circuit's Decision That The Claims Of Its Patents—As A Matter Of Law—Lack An Inventive Concept Sufficient To Transform The Abstract Idea Recited Into A Patent-Eligible Invention.**

Plaintiff sets forth three "Disputed Issues of Fact" that it contends must be considered before determining subject matter eligibility under Section 101.[5]  Some of these arguments are new,[6] and some merely a rehash of those previously made.  Rule 60(b) motions "are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge."  *Cohen v. Trump*, No. 313CV02519GPCWVG, 2017 WL 2779260, at *3 (S.D. Cal. June 27, 2017) (citation omitted); *Hildebrand v. Steck Mfg. Co.*, 292 F. App'x 921, 925 (Fed. Cir. 2008) ("Rule 60(b) is not designed to allow a litigant to rehash arguments which have previously been considered and rejected.").

Nonetheless, the entire premise of Plaintiff's argument is wrong.  The Federal Circuit did not conclude that Plaintiff's claims were patent ineligible as a result of a mistaken understanding (now allegedly corrected by *Berkheimer*) that a court could resolve disputes of essential facts on a Rule 12(b)(6) motion.  The Federal Circuit instead determined that improvements in computer functioning purportedly discussed in the specification and proffered expert testimony were ***not*** made part of the claims.  According to *Berkheimer*, to give rise to a factual dispute sufficient to preclude judgement as a matter of law, such improvements ***must*** be captured by the claims:

> The improvements in the specification, **to the extent they are captured in the claims**, create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities, *see Content Extraction*, 776 F.3d at 1347–48, **so we must analyze the asserted claims and determine whether they capture these improvements**, *Alice*, 134 S. Ct. at 2357.

*Berkheimer*, 881 F.3d at 1369 (emphasis added).

---

[5] The framework for analyzing whether a patent claims an ineligible abstract idea is set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355-2357 (2014).  First a court must determine whether the claims at issue are directed to an abstract idea.  If so, the court must then "examine the elements of the claim to determine whether it contains an inventive concept sufficient to transform the claimed abstract idea in a patent-eligible application."  *Id.*

[6] For example, Plaintiff's Rule 60(b)(6) Motion argues portions of the patents' specification that it apparently did not argue to this Court.  *See, e.g.*, Mot. at 20 (citing to the following previously uncited portions of the '536 Patent at 12:24-13:35, 13:40-44).

Plaintiff simply ignores that the Federal Circuit undertook precisely the same analysis here and concluded that the language of the asserted claims failed to capture the supposed improvements identified by Plaintiff:

> Second, the claims lack an inventive concept to transform the abstract idea into a patent-eligible invention. EI does not dispute that merely using a computer is not enough. Moreover, EI conceded that "containers," registers," and "gateways" are conventional and routine" structures. *See Decision*, 137 F. Supp. 3d at 1167. **Whether analyzed individually or as an ordered combination, the claims recite those conventional elements at too high a level of generality to constitute an inventive concept.** *See, e.g.*, *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350, 1352 (Fed. Cir. 2016) (finding claims patent eligible where they "recite a specific, discrete implementation of the abstract idea," in contrast to implementing the abstract idea "on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way").

*Evolutionary Intelligence*, 677 F. App'x at 680 (emphasis added).

Simply put, Plaintiff's claims do not contain patentable subject matter. As a consequence, Plaintiff's proposed factual disputes regarding statements made in the specification ("Disputed Issue of Fact #1"), expert testimony as to whether Plaintiff's inventions were groundbreaking departures from the static information model ("Disputed Issue of Fact #2") and whether the claim terms "register" and "gateway" in combination with other elements constitute an inventive concept ("Disputed Fact #3) are irrelevant to the determination by the Federal Circuit that Plaintiff's claims fail to capture any of these supposed improvements.

### A. Plaintiff's "Disputed Issue of Fact # 1" Is Irrelevant.

Conflating the two-step § 101 analysis, Plaintiff claims here that factual disputes exist as to "whether statements in the specification" show that Plaintiff's claims contain "inventive concepts" (step 2) or "improvements to computer functionality" (step 1). Mot. at 19. This misses the point entirely. The Federal Circuit already found as a matter of law that the ***claims*** contain neither:

> On appeal, EI argues that the claims are patent eligible because: (1) they are not directed to an abstract idea, but rather to an improvement in the functioning of the computer itself; and (2) even if they were directed to an abstract idea, they are patent eligible as containing an inventive concept because they recite a specific arrangement of particular structures, operating in a specific way. ***We disagree on both accounts***.

Defs.' Opp. to Pl.'s Mot. for Relief From Judgment          Case No. 4:13-cv-04513-PJH and Related Cases

11

1   *Evolutionary Intelligence*, 677 F. App'x at 680 (emphasis added).

2       As to step 1, whether the claims are directed to an abstract idea, the Federal Circuit agreed

3   with Judge Whyte that people have long sought ways to store and organize information in

4   "containers" (books, boxes, and files) and have created rules governing how the containers and

5   their contents can be accessed and used, and that the patents here claim nothing more than

6   organizing information into labeled containers and managing them according to certain rules and

7   instructions:

8       First, the claims at issue here are directed to an abstract idea.  We have held that

9       'tailoring of content based on information about the user—such as where the user
    lives or what time of day the user views the content—is an abstract idea . . . *Affinity*

10       *Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1271 (Fed. Cir. 2016)
    (describing *Intellectual Ventures I LLC v. Capital One Bank* (USA), 792 F.3d

11       1363, 1369 (Fed. Cir. 2015)); *see Elec. Power Group, LLC v. Alstom S.A.*, 830 F.3d
    1350, 1353 (Fed. Cir. 2016) ("collecting information, including when limited to

12       particular content," is "within the realm of abstract ideas.")

13   *Evolutionary Intelligence*, 677 F. App'x at 680.

14       The Federal Circuit also explicitly rejected Plaintiff's argument, renewed here, that its

15   claims were similar to those found patent eligible in *Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327

16   (Fed. Cir. 2016).  Mot. at 21.

17       The claims are unlike those in *Enfish, LLC v. Microsoft Corp.*, where "the plain

18       focus of the claims" was on "an improvement to the computer functionality itself,"
    822 F.3d 1327, 1336 (Fed. Cir. 2016), *i.e.*, "a specific improvement—a particular

19       database technique—in how computers could carry out one of their basic functions
    of storage and retrieval of data," regardless of subject matter or the use to which

20       that functionality might be put, *Elec. Power*, 830 F.3d at 1354 (describing *Enfish*).
    Here the claims are directed to selecting and sorting information by user interest or

21       subject matter, a longstanding activity of libraries and other human enterprises.

22

23   *Evolutionary Intelligence*, 677 F. App'x at 680.  Indeed, during the February 6, 2017 oral

24   argument before the Federal Circuit, the panel described the claim language here as "unbelievably

25   opaque and abstract," and distinguished the claims from those in *Enfish* as "claims that contain

26   nothing meaningful . . . nothing . . . these claims are aspirational claims like so many of the others

27   we've held invalid under 101," before pointing out that the claims had been rejected twice as

28   ineligible under §101 ***before** Alice* had been decided "back when everything was eligible."

Defs.' Opp. to Pl.'s Mot. for Relief From Judgment    Case No. 4:13-cv-04513-PJH and Related Cases

12

Declaration of Jeffrey E. Ostrow, Exhibit A at pages 2, 4-5 (transcript of February 6, 2017 Federal Circuit oral argument, Case No. 2016-1188 (*available at* http://www.cafc.uscourts.gov/oral-argument-recordings)).

As to step 2 of the *Alice* test, whether the claims contain an inventive concept sufficient to transform the abstract idea into a patent eligible invention, the Federal Circuit also held unequivocally that they do not:

> Second, the claims lack an inventive concept to transform the abstract idea into a patent-eligible invention. EI does not dispute that merely using a computer is not enough. Moreover, EI conceded that "containers," registers," and "gateways" are conventional and routine" structures. *See Decision*, 137 F. Supp. 3d at 1167. Whether analyzed individually or as an ordered combination, the claims recite those conventional elements at too high a level of generality to constitute an inventive concept. *See, e.g.*, *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350, 1352 (Fed. Cir. 2016) (finding claims patent eligible where they "recite a specific, discrete implementation of the abstract idea," in contrast to implementing the abstract idea "on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way").

*Evolutionary Intelligence*, 677 F. App'x at 680.

Simply put, the Federal Circuit (including two of the three judges that issued the *Berkheimer/Aatrix* decisions), reviewing Plaintiff's arguments *de novo*, affirmed the judgment that (1) the **claims** here are abstract and not directed to improvements in computer functionality and (2) the **claims** do not contain an inventive concept sufficient to transform them into a patent-eligible invention. Plaintiff's repeated citations to the specification to argue otherwise are irrelevant to the Federal Circuit's final determination as a matter of law that the claims do not recite a patent-eligible invention.

**B.      Plaintiff's Expert Report—"Disputed Issue of Fact # 2"—Was Correctly Excluded by Judge Whyte and its Conclusory Statements about the Groundbreaking Nature of the Patents Remain Irrelevant.**

Plaintiff argues that the expert report it submitted in opposition to the motion to dismiss supported its argument that the claimed inventions were "groundbreaking departures from the static information model" and therefore raised an issue of fact precluding dismissal at the pleading stage. Mot. at 22:7-24:3. Again, even assuming every statement in the declaration is true, it is

entirely irrelevant to the Federal Circuit's determination that the claims failed to capture any of these supposed "groundbreaking departures from the static information model."  As Judge Whyte observed, "[r]egardless of whether the concept of 'dynamically' updating information containers and registers may have been novel and nonobvious at the time this patent was filed, ***the claims do nothing to ground this abstract idea in a specific way***, other than to implement the idea on a computer." *Evolutionary Intelligence*, 137 F. Supp. 3d at 1168 (emphasis added).

Neither this Court nor the Federal Circuit was required to ignore the claims themselves and accept as true Plaintiff's expert proclamation that the patents improved the functioning of computers themselves. *See, e.g.*, *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1222 (S.D. Cal. 2001) ("Conclusory allegations and speculation carry no additional weight merely because a plaintiff placed them within the affidavit of a retained expert."), *aff'd* 32 F. App'x 260 (9th Cir. 2002).

Neither *Berkheimer* nor *Aatrix* nor any other case stands for the proposition that courts must infer that conclusory statements made by an expert about a patent are true, when those statements find no support in the claims of the patent.

## C.   Plaintiff's "Disputed Issue of Fact #3" Seeks to Reargue the Federal Circuit's Finding that the Recitation of "Register" and "Gateway" in the Claims Do Not Add an Inventive Concept Sufficient to Transform the Abstract Idea.

Plaintiff now argues that the claimed "registers" and "gateways" and their interaction with unidentified "other components" constitute inventive concepts, but it earlier conceded that such "registers" and "gateways" were conventional and routine. *Evolutionary Intelligence*, 677 F. App'x at 680.  Seeking now to recant its previous admissions,  Plaintiff claims that what it meant was that while the structures themselves are routine or fundamental, their invention employed "particular types" of such structures—"unique" versions. Mot. at 21 n.21.

Judge Whyte and the Federal Circuit understood exactly what Plaintiff was arguing.  They just disagreed.  Judge Whyte's careful and detailed analysis of this issue explained:

> EI concedes that the structures recited in the claims are conventional and routine. *See* Dkt. No. 193, at 17.  Each step is also conventional and routine, and EI does not argue otherwise.  Instead, EI argues that the claims, viewed in combination,

contain an inventive step sufficient to transform the claimed abstract idea into a patent-eligible application.

*Evolutionary Intelligence*, 137 F. Supp. 3d at 1165-66.

Judge Whyte then addressed—and rejected—the exact argument made here, that the use of specific types of structures such as "active time registers" is sufficient to transform the abstract ideas into patent eligible applications:

> EI further argues that the claims are inventive because they include significant structural limitations such as the specific types of registers that containers must have: "active time registers," "passive time registers," "acquire registers," "identified search query templates," and so forth.  However, the limitations EI identifies are simply functional descriptions of conventional concepts of data processing, such as using data registers, or labels, to govern the interaction of various data.  EI fails to explain how these claimed fundamental elements, either individually or collectively, perform anything other than their normal and expected functions.  *See Content Extraction & Transmission LLC v. Wells Fargo Bank Nat'l Assoc.*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (rejecting argument that inventive concept could be found because additional claim limitations were "well-known, routine and conventional functions of scanners and computers") . . . . The elements of the '682 patent's claims are directed to employing time, location, and history information in connection with data processing, and encompass nothing more than the conventional and routine activities of searching, updating, and modifying data on a "computer network operating in its normal, expected manner" using conventional computers and computer components.  *DDR Holdings*, 773 F.3d at 1258.

*Id.* at 1168.

The Federal Circuit also rejected Plaintiff's argument:

> Second, the claims lack an inventive concept to transform the abstract idea into a patent-eligible invention.  EI does not dispute that merely using a computer is not enough.  Moreover, EI conceded that "containers," "registers," and "gateways" are conventional and routine" structures.  *See Decision*, 137 F. Supp. 3d. at 1167.  Whether analyzed individually or as an ordered combination, the claims recite those conventional elements at too high a level of generality to constitute an inventive concept.  *See, e.g.*, *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350, 1352 (Fed. Cir. 2016) (finding claims patent eligible where they "recite a specific, discrete implementation of the abstract idea," in contrast to implementing the abstract idea "on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way").

*Evolutionary Intelligence*, 677 F. App'x at 680.

Plaintiff's attempt to identify factual disputes underlying these three issues, all of which

Defs.' Opp. to Pl.'s Mot. for Relief From Judgment          Case No. 4:13-cv-04513-PJH and Related Cases

15

1  were properly decided as a matter of law first by the district court, and then affirmed on appeal by

2  the Federal Circuit, should be rejected.

3  **CONCLUSION**

4  In order to prevail on its motion, Plaintiff must prevail on each of the following issues: (1)

5  that the *Berkheimer/Aatrix* decisions constitute an intervening change in the law regarding patent

6  eligible subject matter; (2) that exceptional circumstances exist that justify granting the

7  extraordinary relief sought by Plaintiff that is offered by Fed. R. Civ. P. 60(b)(6), and (3) that

8  disputed issues of fact remain to be determined as to whether its abstract ideas constitute patent-

9  eligible subject matter, notwithstanding the Federal Circuit's final determination as a matter of law

10 to the contrary.  Because Plaintiff can prevail on none of them, its motion should be denied.

11 Dated: February 11, 2019

Respectfully submitted,

12

*/s/ Jeffrey E. Ostrow*

13

14  JEFFREY E. OSTROW (CA Bar No. 213118)
jostrow@stblaw.com
SIMPSON THACHER & BARTLETT LLP

15  2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000

16  Facsimile:  (650) 251-5002

17  *Attorneys for Defendant Apple Inc.*

18

*/s/ Jay E. Heidrick*

19

20  Colby B. Springer (CA Bar No. 214868)
cspringer@polinelli.com
Hannah T. Yang (CA Bar No. 311814)

21  hyang@polsinelli.com
POLSINELLI LLP

22  Three Embarcadero Center, Suite 2400
San Francisco, CA 94111

23  Telephone:    415.248.2100
Facsimile:    415.248.2101

24

25  Jay E. Heidrick (*Pro Hac Vice*)
jheidrick@polsinelli.com
POLSINELLI PC

26  900 W. 48th Place, Suite 900
Kansas City, MO 64112

27  Telephone:    816.572.4765
Facsimile:    816.817.0452

28

Karen Zelle Morris (*Pro Hac Vice*)
kzmorris@polsinelli.com
POLSINELLI PC
100 S. 4th Street, Suite 1000
St. Louis, MO 63102
Telephone:       314.889.8000
Facsimile:       314.622-6775

*Attorneys for Defendants Sprint Nextel Corporation, Sprint Communications Company L.P., Sprint Spectrum, L.P., and Sprint Solutions, Inc.*

*/s/ Christopher Stretch*

HEIDI L. KEEFE (CA Bar No. 178960)
hkeefe@cooley.com
MARK R. WEINSTEIN (CA Bar No. 193043)
mweinstein@cooley.com
REUBEN H. CHEN (CA Bar No. 228725)
rchen@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Phone:       (650) 843-5000
Facsimile:   (650) 849-7400

CHRISTOPHER STRETCH
(CA Bar No. 166752)
christopher.stretch@pillsburylaw.com
PILLSBURY WINTHROP SAW PITTMAN LLP
4 Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:       (415) 983-1000
Fax:       (415) 983-1200

*Attorneys for Defendant Facebook, Inc.*

*/s/ Karen Boyd*

Karen Boyd (State Bar No. 189808)
boyd@turnerboyd.com
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94068
Tel:  (650) 521-5930
Fax:  (650) 521-5931

Craig R. Smith (*pro hac vice*)
csmith@lalaw.com
Eric P. Carnevale (*pro hac vice*)
ecarnevale@lalaw.com
LANDO & ANASTASI, LLP
Riverfront Office Park

Defs.' Opp. to Pl.'s Mot. for Relief From Judgment          Case No. 4:13-cv-04513-PJH and Related Cases

17

1

One Main Street – 11th Floor
Cambridge, MA 02142
Tel:  (617) 395-7000

2

Fax:  (617) 395-7070

3

*Attorneys for Defendant Foursquare Labs, Inc.*

4

*/s/ Thomas L. Duston*

5

Thomas L. Duston (admitted *pro hac vice*)

6

tduston@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower

7

233 S. Wacker Drive
Chicago, IL  60606-6357

8

Telephone:  (312) 474-6300
Facsimile:    (312) 474-0448

9

10

*Attorneys for Defendants Groupon, Inc. and
Living Social, Inc.*

11

*/s/ Christopher C. Campbell*

12

Matthew J. Brigham (CA State Bar No. 191428)

13

mbrigham@cooley.com
COOLEY LLP

14

Five Palo Alto Square
3000 El Camino Real

15

Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000

16

Facsimile:      (650) 857-0663

17

Christopher C. Campbell (*pro hac vice*)
ccampbell@cooley.com

18

COOLEY LLP
One Freedom Square – Reston Town Center

19

11951 Freedom Drive
Reston, Virginia 20190-5656

20

Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100

21

*Attorneys for Defendant Millennial Media, Inc.*

22

*/s/ Steven D. Moore*

23

Steven D. Moore (State Bar No. 290875)

24

mmeyer@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON

25

LLP
Two Embarcadero Center, Suite 1900

26

San Francisco, CA 94111
Telephone: (415) 576-0200

27

Facsimile: (415) 576-0300

28

Matthew J. Meyer (State Bar No. 284578)

1

mmeyer@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON
LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422

2

3

4

5

*Attorneys for Defendants Yelp Inc. and Twitter, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Opp. to Pl.'s Mot. for Relief From Judgment        Case No. 4:13-cv-04513-PJH and Related Cases

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIGNATURE ATTESTATION

Pursuant to the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories to this document.

Dated:  February 11, 2019                    By:   */s/ Jeffrey E. Ostrow*
                                                      Jeffrey E. Ostrow