Nicholas Ranallo
nick@ranallolawoffice.com
2443 Fillmore St., #380-7508
San Francisco, CA 94115
T: (831) 607-9229
F: (831) 533-5073

Isaac Rabicoff
Kenneth Matuszewski
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

*Attorneys for Plaintiff*
*Evolutionary Intelligence, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORP. et al.,<br><br>Defendants. | CASE NO. 4:13-cv-4513-RMW<br><br>**PLAINTIFF EVOLUTIONARY INTELLIGENCE LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION PURSUANT TO N.D. CAL. CIVIL L.R. 7-9.** |

**NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that on June 7, 2019 at 10:00 AM, or as soon thereafter as counsel may be heard, pursuant to Northern District Civil Local Rule 7-9, Plaintiff Evolutionary Intelligence, LLC ("EI") will move for leave to file a motion for reconsideration, under Fed. R. Civ. P. 59(e), of the Court's April 11, 2019 order denying EI's motion for relief under Rule 60(b)(6).

**REQUESTED RELIEF**

Pursuant to the Northern District of California Civil Local Rule 7-9, Plaintiff EI hereby moves the Court for leave to file a motion for reconsideration under Fed. R. Civ. P. 59(e) of the Court's April 11, 2019 order denying EI's motion for relief under Rule 60(b)(6). *See* Dkt. No. 266 (denying EI's motion for relief under Rule 60(b)(6)).[1]

**STATEMENT OF THE ISSUES TO BE DECIDED**

Whether to grant EI's motion for leave to file a motion for reconsideration of the Court's April 11, 2019 order denying EI's motion for relief under Rule 60(b)(6).

**I.   INTRODUCTION AND MOTION**

Plaintiff EI respectfully moves pursuant to Northern District Civil Local Rule 7-9 for leave to file a motion for reconsideration under Fed. R. Civ. P. 59(e) of the Court's April 11, 2019 order denying EI's motion for relief under Rule 60(b)(6).

Northern District Civil Local Rule 7-9 provides that:

> Before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

Civil L.R. 7-9(a).

While N.D. Cal. Civ. L.R. 7-9(c) holds that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of

---

[1] ECF citations correspond to the docket in *Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 4:13-cv-04513-PJH (N.D. Cal. 2013).

1

or in opposition to the interlocutory order which the party now seeks to have reconsidered," this does not prohibit a motion for reconsideration where there has been "clear" or "manifest" error. *See, e.g.*, *Kinney v. Clark,* 2016 WL 3401765, at *1 (N.D. Cal. 2016) (noting that while "generally speaking . . . a motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," the "sole exception is when the court has committed clear or manifest error.") (internal quotation omitted).

## II.  ARGUMENT

By denying EI's motion for Rule 60(b)(6) relief, the Court misapprehended the following controlling points of law under *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009) and *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018): (1) under *Phelps*, a district court may grant relief under Rule 60(b)(6) due to an intervening change in the law, even when, like this case, the decision from which relief is sought was affirmed on appeal under the old law; (2) an intervening change in the law may be effectuated not only in an en banc decision, but also by panel decisions where the law was previously unsettled, as in *Phelps* and in *Berkheimer*; and (3) the statements the Court cited from *Berkheimer* in its April 11, 2019 order hold that motions to dismiss under § 101 are still viable, and—as dicta—cannot negate the fact that *Berkheimer* served as an intervening change in the law of § 101, which Federal Circuit judges, the USPTO, patent law scholars, and this Court in *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 3537201, at *4 (N.D. Cal. Jul. 23, 2018) all noted. *See, e.g., Berkheimer v. HP Inc.*, 890 F.3d 1369, 1377 (Fed. Cir. 2018) (Reyna, J., dissenting from denial of reh'g en banc) ("*Aatrix* and *Berkheimer* alter the § 101 analysis in a significant and fundamental manner by presenting patent eligibility under § 101 as predominately a question of fact.").

Because the Court's denial of EI's Rule 60(b)(6) motion was based on misunderstanding these three controlling points of law under *Phelps* and *Berkheimer*, EI respectfully moves for leave to file a motion for reconsideration under Fed. R. Civ. P. 59(e) so the Court can reconsider its April 11, 2019 ruling and grant EI's motion for Rule 60(b)(6) relief. In addition, granting leave to file a motion for reconsideration here would prevent the "manifest injustice" that EI has lost its

two patents without having its factual evidence considered or acknowledged as a necessary part of the § 101 inquiry. EI's factual evidence requires the Court to reach an outcome opposite the 2015 Order (Dkt. No. 225).

In neglecting to consider these controlling points of law under *Phelps* and *Berkheimer*, the Court clearly erred by denying EI's motion for Rule 60(b)(6) relief in its April 11, 2019 order and was "manifestly unjust" under Fed. R. Civ. P. 59(e).  Therefore, the Order should be reconsidered. *See School Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994); *see also Sandoval v. Barneburg*, 2013 WL 5961087 *2 (N.D. Cal. Nov. 7, 2013) (granting motion for reconsideration where "the court concluded that the denial of defendants' motion to dismiss was based on a failure to consider the dispositive legal rule" under California law); *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("Because it is a clear error of law to not apply controlling Supreme Court precedent, we conclude that the district court did not abuse its discretion by reconsidering its prior order"); *Khan v. K2 Pure Solutions, LP*, 2013 WL 6235572, at *2 (N.D. Cal. Dec. 2, 2013) (granting a motion for reconsideration even when it did not meet the criteria found in L.R. 7-9(b)).

### III.   CONCLUSION

For the foregoing reasons, EI respectfully requests leave to file a motion for reconsideration.

Respectfully Submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
isaac@rabilaw.com
Kenneth Matuszewski
kenneth@rabilaw.com
Rabicoff Law LLC
73 West Monroe Street
Chicago, IL 60603
Phone: (773) 669-4590

Nicholas Ranallo
Ranallo Law Office
2443 Fillmore St., #380-7508
San Francisco, CA 94115
Phone: (831) 607-9229

nick@ranallolawoffice.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on May 6, 2019, via the Court's CM/ECF system or by e-mail.

/s/ Isaac Rabicoff
Counsel for Plaintiff