# Exhibit A

Nicholas Ranallo
nick@ranallolawoffice.com
2443 Fillmore St., #380-7508
San Francisco, CA 94115
T: (831) 607-9229
F: (831) 533-5073

Isaac Rabicoff
Kenneth Matuszewski
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

*Attorneys for Plaintiff*
*Evolutionary Intelligence, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORP. et al.,<br><br>Defendants. | CASE NO. 4:13-cv-4513-RMW<br><br>**PLAINTIFF EVOLUTIONARY INTELLIGENCE LLC'S PROPOSED MOTION FOR RECONSIDERATION AND POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Fed. R. Civ. P. 59(e)] |

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on June 7, 2019 at 10:00 AM, or as soon thereafter as counsel may be heard, pursuant to Fed. R. Civ. P. 59(e), Plaintiff Evolutionary Intelligence, LLC ("EI") will move for leave to file a motion for reconsideration under Fed. R. Civ. P. 59(e) of the Court's April 11, 2019 order denying EI's motion for relief under Rule 60(b)(6).

## REQUESTED RELIEF

Plaintiff EI hereby moves the Court under Fed. R. Civ. P. 59(e) for reconsideration of the Court's April 11, 2019 order denying EI's motion for relief under Rule 60(b)(6). *See* Dkt. No. 266 (denying EI's motion for relief under Rule 60(b)(6)).

## STATEMENT OF THE ISSUES TO BE DECIDED

Whether to grant EI's motion for reconsideration of the Court's April 11, 2019 order denying EI's motion for relief under Rule 60(b)(6).

## I.   INTRODUCTION

Plaintiff Evolutionary Intelligence, LLC ("EI") moves for leave to file this motion under Fed. R. Civ. P. 59(e), and respectfully requests the Court reconsider its April 11, 2019 order denying EI's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). *See* Dkt. No. 266 (denying EI's motion for relief under Rule 60(b)(6)).[1]

By denying EI's motion for Rule 60(b)(6) relief, the Court misapprehended the following controlling points of law under *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009) and *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018): (1) under *Phelps*, a district court may grant relief under Rule 60(b)(6) due to an intervening change in the law, even when, like this case, the decision from which relief is sought was affirmed on appeal under the old law; (2) an intervening change in the law may be effectuated not only in an en banc decision, but also by panel decisions where the law was previously unsettled, as in *Phelps* and in *Berkheimer*; and (3) the statements the Court cited from *Berkheimer* in its April 11, 2019 order hold that motions to dismiss under § 101 are still viable, but—as dicta—cannot negate the fact that *Berkheimer* served as an intervening change in

---

[1] ECF citations correspond to the docket in *Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 4:13-cv-04513-PJH (N.D. Cal. 2013).

1

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 5:13-cv-4513-RMW
Plaintiff's Proposed Motion for Reconsideration and Points and Authorities in Support

the law of 35 U.S.C. § 101, which Federal Circuit judges, the USPTO, patent law scholars, and this Court in *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 3537201, at *4 (N.D. Cal. Jul. 23, 2018) all noted. *See, e.g.*, *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1377 (Fed. Cir. 2018) (Reyna, J., dissenting from denial of reh'g en banc) ("*Aatrix* and *Berkheimer* alter the § 101 analysis in a significant and fundamental manner by presenting patent eligibility under § 101 as predominately a question of fact.").

Because the Court's denial of EI's Rule 60(b)(6) motion was based on misunderstanding these three controlling points of law under *Phelps* and *Berkheimer*, EI respectfully moves for leave to file a motion for reconsideration under Fed. R. Civ. P. 59(e) so the Court can reconsider its April 11, 2019 ruling and grant EI's motion for Rule 60(b)(6) relief. In addition, granting leave to file a motion for reconsideration here of the Court's denial of EI's Rule 60(b)(6) motion would prevent the "manifest injustice" that EI has lost its two patents without having its factual evidence considered or acknowledged as a necessary part of the § 101 inquiry. EI's factual evidence requires the Court to reach an outcome opposite the 2015 Order (Dkt. No. 225).

For these reasons, that are fully set forth below, EI respectfully requests that the Court reconsider its April 11, 2019 order, and grant EI's motion for relief under Rule 60(b)(6).

## II.   LEGAL STANDARD

### A.   Applicable Law

"[T]here are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter [under Rule 59(e)] are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting 11 CHARLES ALAN WRIGHT et al., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Under this District's Civil Local Rules, a party seeking reconsideration must first request permission from the court before filing a motion for reconsideration. *See* N.D. Cal. Civil L.R. 7-9; *see, e.g.*, *Thomas v. County of Sonoma*, No. 17-cv-00245-LB, 2017 WL 2500886, at *2 (N.D. Cal. June 9, 2017) (holding that Local Rule 7-9 applies to motions for reconsideration under Rule 59(e)). When seeking permission, the party must show that (1) at the time of the motion, a material difference in fact or law existed that was not previously presented to the court, (2) a change in law occurred or new material facts emerged since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented. N.D. Cal. Civ. L.R. 7-9(b). While Local Rule 7-9(c) holds that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered," this does not prohibit a motion for reconsideration where there is "clear" or "manifest" error. *See, e.g.*, *Kinney v. Clark*, 2016 WL 3401765, at *1 (N.D. Cal. 2016) (noting that while "generally speaking . . . a motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," the "sole exception is when the court has committed clear or manifest error.") (internal quotation omitted).

### B. The Instant Rule 59(e) Motion for Reconsideration Is Timely Brought and Is Not Premature.

While Rule 59(e) is typically directed at judgments, the posture of this case is unusual because the final judgment was already entered (*see* Dkt. Nos. 226, 234) and the instant motion for reconsideration is directed at the court's denial of EI's Rule 60(b)(6) motion for relief from that judgment. Dkt. No. 266. Apparently, there is no requirement for this Court to enter a separate judgment following its denial of EI's Rule 60(b)(6) motion—which means the instant motion for reconsideration is not premature and may be ruled upon by the Court. *See* Fed. R. Civ. P 58(a)(5) (noting that "a separate document is not required for an order disposing of a motion . . . for relief under Rule 60"). Thus, because final judgment has been entered in this case, the instant motion for

reconsideration is directed toward reconsideration of the court's denial of EI's Rule 60(b)(6) motion in its April 11, 2019 order (Dkt. No. 266).

Notably, courts in this Circuit have granted relief under Rule 59(e) from orders on motions that were not yet reduced to judgments. *See, e.g.*, *Securities and Exchange Commission v. City of Victorville*, 2014 WL 12607683, at *1 (C.D. Cal. 2014) (granting relief from an order granting motions to strike and denying motions to strike, which had not yet been reduced to a judgment) (citing *Smith v. Hudson*, 600 F.3d 60, 62 (6th Cir. 1979) (considering a motion to amend an order granting summary judgment as a Rule 59(e) motion notwithstanding judgment had not yet been entered when the 59(e) motion was filed)).

For these reasons, the instant motion for reconsideration of the Court's April 11, 2019 order is proper and timely brought.

### III.   ARGUMENT

The Court premised its denial of EI's Rule 60(b)(6) motion on three grounds: first, that "[e]ven assuming that *Berkheimer-Aatrix* espoused a legal principle contrary to that which was applied by the EI panel . . . plaintiff [] provided no basis for this court to ignore the Federal Circuit's controlling decision issued in this action in favor of *Berkheimer-Aatrix*"; second, that "the panel decisions in *Berkheimer* and *Aatrix* could not have overruled the Federal Circuit's prior § 101 jurisprudence" because they were not en banc decisions; and third, that "'[n]othing in this decision should be viewed as casting doubt on the propriety of those cases'—like EI—'resolved on motions to dismiss or summary judgment.'" Dkt. No. 266 at 4-5.

EI respectfully submits that each of these three grounds for denial of its Rule 60(b)(6) motion is based on a misunderstanding of controlling points of law in *Phelps* and *Berkheimer*. Additionally, because EI's factual evidence was never considered (or even recognized as necessary for the Court to consider) in this case, reconsideration here would prevent a manifest injustice. As such, reconsideration of the Court's order denying EI's Rule 60(b)(6) motion is warranted.

### A.  Under *Phelps*, Rule 60(b)(6) Relief May Be Granted Even Where the Court's Ruling Was Affirmed on Appeal

4

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 5:13-cv-4513-RMW
Plaintiff's Proposed Motion for Reconsideration and Points and Authorities in Support

*Phelps* makes it clear that this Court can grant Rule 60(b)(6) relief from the Court's 2015 Order despite the order having been affirmed by the Federal Circuit under pre-*Berkeheimer/Aatrix* law.  In *Phelps*, the Rule 60(b)(6) movant's *habeas* petition was held barred by the statute of limitations by the district court and affirmed by the Ninth Circuit.  *See Phelps*, 569 F.3d at 1126.  However, as the court in *Phelps* noted, "[a]t the time Phelps' appeal was before this court, the question of how to construe summary denials by the California Supreme Court for purposes of [calculating] AEDPA's statute of limitations"—i.e., the specific legal issue at play in *Phelps*— "was an open one."  *Id*.  Once that legal question "was definitively resolved fifteen months after Phelps' appeal became final," Phelps filed a Rule 60(b)(6) motion.  *Id*. at 1127.  Although the district court denied the motion, the Ninth Circuit ultimately reversed and remanded, and granted him relief under Rule 60(b)(6) from the original decision in his case, which had been affirmed by a prior Ninth Circuit panel under previously controlling law.

The *reversal* by the panel in *Phelps* makes it clear that the district court was able to grant Rule 60(b)(6) relief from the original decision—even though that decision was affirmed by the Ninth Circuit; after all, the Ninth Circuit could not "reverse" the district court if the district court was unable to grant relief from judgment in the first place.  The Ninth Circuit was not required to hear the matter en banc in *Phelps* in order to overturn the prior decision, because the "grand reservoir of equitable power" given by Rule 60 allowed both the Ninth Circuit and the district court to grant relief from judgment.  *Id*. at 1135.

Thus, *Phelps* (and the equitable power given by Rule 60(b)(6) itself) provides this Court every basis for granting relief from its 2015 Order, despite the fact that the order was affirmed by the Federal Circuit on appeal under pre-*Berkheimer/Aatrix* law.  In that respect, *Phelps* is applicable to this case and the Court's argument in its April 11, 2019 order is erroneous.

### B. Under *Phelps*, an Intervening Change in the Law May Be Brought About by Panel Decisions, and Need Not be the Result of En Banc Rulings

EI respectfully submits that the Court misunderstood the nature of an "intervening change in the law" under *Phelps*.  Rather than overturning an "otherwise settled legal precedent"—which,

5

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 5:13-cv-4513-RMW
Plaintiff's Proposed Motion for Reconsideration and Points and Authorities in Support

would have to be done en banc—the intervening change in the law occurred in a Federal Circuit panel decision that answered a previously unsettled legal question. This is on-point to the proceedings in *Phelps*.

In *Phelps*, the "definitive" answer to the "open" legal question regarding the interpretation of the statute of limitations was given in a *panel* decision, namely the panel in *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001). *See Phelps*, 569 F.3d at 1126 (noting that "[i]n *Bunney* . . . **a panel of this circuit** issued a published, and therefore controlling, opinion that resolved the dispute" regarding the calculation of the AEDPA statute of limitations) (emphasis added). Thus, this Court's conclusion that "the panel decisions in *Berkheimer* and *Aatrix* could not have overruled the Federal Circuit's prior § 101 jurisprudence . . . because in the Federal Circuit only an en banc decision may overrule prior precedent" directly conflicts with an "intervening change in the law" under *Phelps*.

For Rule 60(b)(6) purposes, *Phelps* expressly recognizes that panel decisions answering previously unsettled legal questions can constitute an "intervening change in the law." *Phelps*, F.3d at 1126. In that case, "the change in the law [] by *Bunney v. Mitchell* did not upset or overturn a settled legal principle," which "necessarily cut in Phelps' favor." *Id*. at 1136. Rather, it decided a previously unsettled legal question.

Here, EI argued that the legal issue finally settled in *Berkheimer* was previously unsettled—and cited a mountain of evidence demonstrating the pre-*Berkheimer* uncertainty among district courts, Federal Circuit precedent, patent practitioners and commentators. *See, e.g.*, Dkt. No. 239 at 4, 13-15 (collecting evidence of change in the law); Dkt. No. 261 at 3-7 (discussing additional evidence of change in the law). EI *never* argued that *Berkheimer* overruled precedent, which as a panel decision it could not do. However, under *Phelps*, the *Berkheimer* panel effectuated an "intervening change in the law" by clarifying a previously unsettled legal question—namely, that § 101 determinations necessarily involve a "question of fact." *Compare Mortgage Grader, Inc. v. First Choice Loan Services Inc.*, 811 F.3d 1314, 1325 (Fed. Cir. 2016) ("The 101 inquiry **may** contain underlying factual issues . . . . But it is also possible, as numerous cases have recognized, that a § 101 analysis **may sometimes be undertaken without resolving**

6

**fact issues**.") (emphasis added), *with Berkheimer*, 881 F.3d at 1369 ("Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent **is** a factual determination."). (emphasis added).

      C.      **Dicta in *Berkheimer* Do Not Negate the Change in the Law for § 101**

The Court's denial of EI's Rule 60(b)(6) motion cites *Berkheimer's* statement that "[n]othing in this decision should be viewed as casting doubt on the propriety of those cases resolved on motions to dismiss or summary judgment" as well as the en banc plurality's statement that *Berkheimer* stood for an "unremarkable proposition." *Berkheimer*, 881 F.3d at 1368; *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1370-1373 (Fed. Cir. 2018). However, neither of these dicta, read in context, stands for the proposition that *Berkheimer* did not change the law, and cannot negate the shift in § 101 jurisprudence caused by *Berkheimer*.

In the statement cited from *Berkheimer*, the panel merely said that "[p]atent eligibility has in many cases been resolved on motions to dismiss or summary judgment" and that those vehicles were still viable, since "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." But that does not mean that *Berkheimer's* recognition of a necessary, factual component of the § 101 inquiry was any less an intervening change in the law of § 101. It also does not mean that—as in the pre-*Berkheimer* era—the factual inquiry underlying § 101 is still "optional." As with any other factual question, in some cases, there will not be genuine disputes of fact.

Simply put, prior to *Berkheimer*, the factual inquiry under § 101 was optional; after *Berkheimer*, it is necessary. *Compare Mortgage Grader*, 811 F.3d at 1325 ("The 101 inquiry **may** contain underlying factual issues . . . . But it is also possible, as numerous cases have recognized, that a § 101 analysis **may sometimes be undertaken without resolving fact issues**.") (emphasis added), *with Berkheimer*, 881 F.3d at 1369 ("Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent **is** a factual determination."). (emphasis added). *Berkheimer's* dicta do not negate this shift—which was recognized by this Court in *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 3537201, at *4 (N.D. Cal. Jul. 23, 2018) ("*Berkheimer*

7

and *Aatrix* [] **represent a shift in Federal Circuit law** regarding motions to dismiss on ineligibility grounds.") (emphasis added)  Moreover, reading *Berkheimer's* dicta as somehow precluding Rule 60(b)(6) relief premised on what is, in fact, an intervening change in the law, would be inequitable in this case, leaving EI without a remedy.  EI was deprived of the opportunity to have its factual evidence considered the first time around, and now that the law has changed to require such consideration, it would be a manifest injustice to read *Berkheimer's* dicta to preclude that consideration under Rule 60(b)(6).

The *Berkheimer* plurality concurring in the denial of en banc review stated that *Berkheimer* stands for an "unremarkable proposition"; this can be fairly read as rhetoric designed to insulate the decision from Supreme Court review, given the Supreme Court's pattern of bringing patent law into conformity with general legal standards over the past decade.  *Berkheimer's* attempt to give new life to Rule 12 and Rule 56 standards in the § 101 context may be "unremarkable" from the perspective of broad general legal standards, but in light of the chaos of § 101 jurisprudence that pre-dated *Berkheimer*, it was anything but "unremarkable."  *See, e.g.*, Dkt. No. 239 at 4, 13-15 (showing evidence of change in the law); Dkt. No. 261 at 3-7 (discussing evidence of changes in the law).

### D. Reconsideration Is Warranted to Prevent the "Manifest Injustice" That EI Has Lost its Two Patents Without Having its Factual Evidence Considered as Part of the § 101 Determination, as Now Required Under *Berkheimer/Aatrix*.

It is well-known that the state of § 101 jurisprudence is such that "[t]he law . . . renders it near impossible to know with any certainty whether the invention is or is not patent eligible." *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1348 (Fed. Cir. 2018) (Plager, J., concurring-in-part and dissenting-in-part).  "This emperor clearly has no clothes; we need not wait for our children to tell us this." *Id*. at 1356.  The state of previous § 101 jurisprudence shows that considering factual evidence under *Berkheimer/Aatrix* is one of the only safeguards patent owners have in the otherwise uncertain landscape of § 101.  "[B]asic notions of fairness and due process" require that EI's factual evidence be heard and Rule 60(b)(6) relief granted in this case.  *Id*. at 1356.

8

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 5:13-cv-4513-RMW
Plaintiff's Proposed Motion for Reconsideration and Points and Authorities in Support

The procedural shift represented by *Berkheimer* necessitates a different outcome as to the § 101 ruling in this case.  Under the pre-*Berkheimer* regime, without considering EI's factual evidence and in its 2015 Order, the Court confused the claimed solution with the problem identified in the prior art, and equated EI's claimed "registers" with mere "labels"—even though EI submitted evidence from a person of ordinary skill in the art at the time of invention directly contradicting the Court's false equivalence (*see* Dkt. No. 193-1 at ¶ 48) and pointed to the specification that specifically stated its "unique" "value evolving container **registers**" were "utilized for the first time" to "upgrade the utility of, and develop intelligence in, a computer network" and reduce the "time consuming" search techniques of the prior art.  Dkt. No. 2-1 at 12:46-13:2; 13:42- 13:44; 1:17-1:47 (emphasis added).  Similarly, the Federal Circuit on appeal also affirmed a free-wheeling and reductionist misidentification of EI's claimed invention because it was not required to consider facts.  Without proper consideration of EI's factual allegations, as seen from the perspective of the person of ordinary skill in the art, the Federal Circuit, like the district court, did not discern the nature of EI's claimed inventive concepts.  Had EI's factual evidence been properly considered, as required under now-controlling law in *Berkheimer/Aatrix*, the outcome in this case would have been different and Defendants' Rule 12 motion would have necessarily been denied.  EI has been denied the procedural safeguards found in Rule 12 of requiring factual allegations to be considered in the light most favorable to EI, which is finally recognized in the procedure adopted by *Berkheimer/Aatrix*.  Reconsideration of the Court's denial of EI's motion for Rule 60(b)(6) relief is necessary to correct the "manifest injustice" that neither this Court nor the Federal Circuit ever heard EI's factual evidence.  In neglecting to consider these controlling points of law under *Phelps* and *Berkheimer*, the Court clearly erred by denying EI's motion for Rule 60(b)(6) relief in its April 11, 2019 order and was "manifestly unjust" under Fed. R. Civ. P. 59(e).  Therefore, the Order should be reconsidered.  *See School Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994); *see also Sandoval v. Barneburg*, 2013 WL 5961087 *2 (N.D. Cal. Nov. 7, 2013) (granting motion for reconsideration where "the court concluded that the denial of defendants' motion to dismiss was based on a failure to consider the dispositive legal rule" under California

9

law); *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) ("Because it is a clear error of law to not apply controlling Supreme Court precedent, we conclude that the district court did not abuse its discretion by reconsidering its prior order"); *Khan v. K2 Pure Solutions, LP*, 2013 WL 6235572, at *2 (N.D. Cal. Dec. 2, 2013) (granting a motion for reconsideration even when it did not meet the criteria found in L.R. 7-9(b)).

## IV. CONCLUSION

Accordingly, for the reasons set forth above, this Court should reconsider its April 11, 2019 order and grant EI's Rule 60(b)(6) motion.

Respectfully Submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
isaac@rabilaw.com
Kenneth Matuszewski
kenneth@rabilaw.com
Rabicoff Law LLC
73 West Monroe Street
Chicago, IL 60603
Phone: (773) 669-4590

Nicholas Ranallo
Ranallo Law Office
2443 Fillmore St., #380-7508
San Francisco, CA 94115
Phone: (831) 607-9229
nick@ranallolawoffice.com

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on May 6, 2019, via the Court's CM/ECF system or by e-mail.

/s/ Isaac Rabicoff
Counsel for Plaintiff

10

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp. et al.*, Case No. 5:13-cv-4513-RMW
Plaintiff's Proposed Motion for Reconsideration and Points and Authorities in Support