| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC, | Case No. 13-cv-04513-PJH |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| SPRINT NEXTEL CORPORATION, et al., | Re: Dkt. No. 267, 269 |
| Defendants. | |

On April 11, 2019, the court denied plaintiff's motion to vacate judgment under Federal Rule of Civil Procedure 60(b)(6). Dkt. 266 (the "April 11th Order").[1] On May 6, 2019, pursuant to Local Rule 7-9, plaintiff filed a motion requesting leave to file a motion for reconsideration of the April 11th Order and attached the proposed motion for reconsideration, brought pursuant to Federal Rule of Civil Procedure 59(e). Having read plaintiff's papers and carefully considered plaintiff's arguments and the relevant legal authority, the court hereby DENIES the motion for leave to file a motion for reconsideration.

**A.      Plaintiff's Motion Is Procedurally and Jurisdictionally Improper**

"The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration." Arnett Facial Reconstruction Courses, Inc. v. Patterson Dental Supply, Inc., No. CV 11-06929 CBM (EX), 2013 WL 12246259, at *2 (C.D. Cal. Apr. 8, 2013). The Northern District's Local Rules, however, provide for such a motion under L.R. 7-9, which is itself promulgated under Federal Rule of Civil Procedure 54(b). See L.R. 7-9. As relevant here, Rule 54(b) provides that: "[A]ny order or other decision, however

---

[1] This order assumes the parties' familiarity with the court's April 11th Order.

1   designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than

2   all the parties . . . may be revised at any time before the entry of a judgment[.]"  Fed. R.

3   Civ. P. 54(b) (emphasis added).  That is, as relevant here, after the court has entered

4   judgment, Rule 54 no longer provides a basis for seeking reconsideration of a prior

5   decision or order.  Local Rule 7-9 reflects that limitation: "Before the entry of judgment . . .

6   , any party may . . . request[ ] . . . leave to file a motion for reconsideration of any

7   interlocutory order[.]"

8          Here, no party disputes that final judgment has already been entered.  Indeed, the

9   order plaintiff seeks this court to reconsider denied plaintiff's request to vacate that very

10  judgment.  Accordingly, by its own terms, L.R. 7-9 does not provide plaintiff an avenue to

11  file its present motion.[2]

12         After judgment has been entered, a motion for reconsideration is typically "brought

13  as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) [ ]

14  or a motion for relief from judgments or orders under Federal Rule of Civil Procedure

15  60(b)[.]"  Arnett Facial, No. CV 11-06929 CBM (EX), 2013 WL 12246259, at *2 (C.D. Cal.

16  Apr. 8, 2013).  Here, plaintiff's proposed motion for reconsideration is premised on Rule

17  59(e).  See Dkt. 269-1 at 1.  But, just as plaintiff's motion pursuant to L.R. 7-9 is

18  procedurally improper, plaintiff's proposed motion for reconsideration pursuant to 59(e) is

19  jurisdictionally improper.  Rule 59(e) provides that "[a] motion to alter or amend a

20  judgment must be filed no later than 28 days after the entry of judgment."  Because "[t]he

21  time period for filing a Rule 59(e) motion is jurisdictional," Amerson v. Kindredcare, Inc.,

22  606 F. App'x 371, 372 (9th Cir. 2015), "district court[s] ha[ve] no discretion to consider a

23  late rule 59(e) motion," Carter v. United States, 973 F.2d 1479, 1488 (9th Cir. 1992).  See

24  also Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . .

25  59(b), (d), and (e)[.]").  Here, judgment was entered over three years prior to plaintiff filing

26  its proposed Rule 59(e) motion.  Accordingly, even if this court were inclined to grant

27

28  [2] Indeed, plaintiff implicitly recognized that conclusion by filing its Rule 60(b) motion
    without attempting to comply with L.R. 7-9.

2

1  plaintiff's Rule 59(e) motion—and the court is not so inclined—the court lacks jurisdiction

2  to do so. See Amerson, 606 F. App'x at 372.

3      Lastly, plaintiff's citation to Thomas v. Cty. of Sonoma, No. 17-CV-00245-LB, 2017

4  WL 2500886, at \*2 (N.D. Cal. June 9, 2017), is unpersuasive. There, the court construed

5  a pro se plaintiff's post-judgment motion as a request for reconsideration pursuant to L.R.

6  7-9 and Rule 59(e). Id. Critically, and assuming the propriety of applying L.R. 7-9, the

7  Thomas court did not lack jurisdiction to consider the Rule 59(e) motion because Rule

8  59(e)'s 28-day period had not yet expired. Id. at \*1. Nor is the court persuaded by

9  plaintiff's argument that its Rule 59(e) motion is timely because no judgment will ever

10  enter following the court's April 11th Order. Plaintiff cites no authority suggesting that the

11  Rule 59(e) jurisdictional clock restarts after the court decides a post-judgment motion.[3]

12  **B.    Plaintiff's Motion Fails Under L.R. 7-9 and Rule 59(e)**

13      Assuming plaintiff's motion was procedurally proper under L.R. 7-9 and

14  jurisdictionally proper under Rule 59(e), it would also fails on the merits.

15      Before a party may file a motion for reconsideration, the party must first obtain

16  leave of the court. L.R. 7-9(a). To do so, the moving party must show reasonable

17  diligence in bringing the motion and, as relevant here, "[a] manifest failure by the Court to

18  consider material facts or dispositive legal arguments which were [previously] presented

19  to the Court[.]" L.R. 7-9(b). In addition, a motion for leave to file a motion for

20  reconsideration may not "repeat any oral or written argument made by the applying party

21  in support of or in opposition to" the order the party seeks reconsideration of. L.R. 7-9(c).

22      Here, despite arguing that the court failed to consider dispositive legal arguments,

23  plaintiff appears to concede that the court considered the relevant law. Specifically,

24  plaintiff contends that by "misapprehending" or "misunderstanding" three controlling

25  points of law, the court manifestly failed to consider plaintiff's dispositive legal arguments.

26

27  _____

28  [3] Indeed, under plaintiff's argument, because no judgment will ever enter after the court's
April 11th Order, see Fed. R. Civ. P. 58(a)(6), plaintiff's rule 59(e) motion could never be
untimely.

3

1   That argument necessarily asks the court to reconsider legal arguments it <u>considered</u>,

2   but ultimately <u>rejected</u>.  Accordingly, plaintiff's motion for leave fails L.R. 7-9(c).

3         Plaintiff argues that L.R. 7-9(c) does not apply because a party may relitigate

4   previously raised arguments when the court has committed "clear" or "manifest" error.

5   <u>See</u> Dkt. 269-1 at 3 (citing <u>Kinney v. Clark</u>, 2016 WL 3401765, at *1 (N.D. Cal. 2016)).

6   To the extent that exception applies, it flows from Rule 59(e).  <u>See McDowell v. Calderon</u>,

7   197 F.3d 1253, 1255 n.1 (9th Cir. 1999) ("There are four basic grounds upon which a

8   Rule 59(e) motion may be granted.  First, . . . to correct manifest errors of law[.]"

9   (emphasis omitted)); <u>Dixon v. Wallowa Cnty.</u>, 336 F.3d 1013, 1022 (9th Cir. 2003) ("Rule

10  59(e) amendments are appropriate if the district court . . . committed clear error[.]");

11  <u>Kinney</u>, 2016 WL 3401765, at *1 (discussing Rules 59(e) & 60(b), and citing <u>McDowell</u>

12  and <u>Dixon</u>).  As explained above, this court lacks jurisdiction to entertain a Rule 59(e)

13  motion, regardless of any supposed error in the court's prior decision.

14        In any event, the court is satisfied that it did not commit a "clear" or "manifest"

15  error, or fail to consider dispositive legal arguments, as plaintiff is required to show under

16  Rule 59(e) and L.R. 7-9, respectively.  Plaintiff's motion for reconsideration makes

17  essentially three arguments:

18       (1) The court misunderstood that under Rule 60(b)(6) and <u>Phelps v. Alameida</u>, 569

19          F.3d 1120 (9th Cir. 2009), it could have granted plaintiff's motion despite the

20          Federal Circuit affirming Judge Whyte's 2015 Order dismissing the action with

21          prejudice under 35 U.S.C. § 101.

22       (2) <u>Berkheimer v. HP Inc.</u>, 881 F.3d 1360 (Fed. Cir. 2018) and <u>Aatrix Software,</u>

23          <u>Inc. v. Green Shades Software, Inc.</u>, 882 F.3d 1121 (Fed. Cir. 2018), provided

24          a definitive answer to a legal issue that was unsettled at the time the Federal

25          Circuit affirmed Judge Whyte's 2015 Order.  That, according to plaintiff, is

26          sufficient under <u>Phelps</u> to constitute an "intervening change in law" and,

27          therefore, an en banc decision was not necessary.

28       (3) Though <u>Berkheimer</u> stated "[n]othing in [its] decision . . . cast[s] doubt on the

4

1    propriety of [past] cases" resolving the § 101 issue on motions to dismiss, and

2    despite the en banc plurality describing Berkheimer/Aatrix as standing for an

3    "unremarkable proposition," Berkheimer, 881 F.3d at 1368; Berkheimer v. HP

4    Inc., 890 F.3d 1369, 1370-1373 (Fed. Cir. 2018), those statements were dicta

5    that fail to alter the (purported) fact that Berkheimer altered the § 101 analysis.

6    Each of those arguments fail because they depend on the same unfounded

7    assumption:  that the Berkheimer/Aatrix panel decisions were somehow more "correct" or

8    binding than the Federal Circuit's pre-Berkheimer/Aatrix panel decisions.  Indeed, plaintiff

9    sums up its argument as "prior to Berkheimer, the factual inquiry under § 101 was

10   optional; after Berkheimer, it is necessary."  Dkt. 269-1 at 7.  That assertion shows

11   exactly how plaintiff's argument exalts the Berkheimer/Aatrix decisions over the Federal

12   Circuit's other panel decisions—a proposition that plaintiff provides no authority for.  As

13   discussed in the court's prior order, and as plaintiff concedes, Berkheimer/Aatrix "could

14   not have overruled the Federal Circuit's prior § 101 jurisprudence . . . because in the

15   Federal Circuit only an en banc decision may overrule prior precedent."  April 11th Order

16   at 4.  Accordingly, assuming Berkheimer/Aatrix espoused a legal principle contrary to or

17   different from the Federal Circuit's prior § 101 jurisprudence—an assumption that seems

18   questionable at best considering Berkheimer and the en banc plurality's description of

19   Berkheimer/Aatrix—Berkheimer/Aatrix merely contributed to the purported "unsettled"

20   nature of the Federal Circuit's § 101 jurisprudence.  That is, Berkheimer/Aatrix no more

21   "require" district courts to undertake a § 101 factual inquiry, than any other Federal Circuit

22   panel decision makes that same inquiry "optional."  It is for that reason that the April 11th

23   Order found that a qualifying intervening change of law had not occurred.

24   Lastly, plaintiff contends that granting it leave to file its motion for reconsideration

25   "would prevent the 'manifest injustice' that EI has lost its two patents without having its

26   factual evidence considered" as part of the § 101 inquiry.  Dkt. 269-1 at 8; see Allstate

27   Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (A Rule 59(e) motion may be

28   granted "to prevent manifest injustice[.]").  That argument begs the question by assuming

5

that Judge Whyte's 2015 Order and the Federal Circuit's subsequent affirmance were incorrect under present § 101 law, and that this court April 11th Order was erroneous. Plaintiff's motion for reconsideration cannot succeed based on the assumption that the court will reverse itself by embracing arguments it has already rejected.

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's request for leave to file a motion for reconsideration. The motion is procedurally and jurisdictionally improper, and the court is satisfied that it neither failed to consider plaintiff's dispositive legal arguments nor committed a clear or manifest error of law.

**IT IS SO ORDERED.**

Dated: May 9, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge